**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Radhakrishnan Ramamurthy,** | **CASE NO. 1:17 CV 339** |
| **Plaintiff,** | **JUDGE PATRICIA A. GAUGHAN** |
| Vs. | |
| **Stillwater Insurance Co., et al.,** | **Memorandum of Opinion and Order** |
| **Defendant.** | |

## INTRODUCTION

This matter is before the Court upon Plaintiffs Radhakrishnan Ramamurthy and Suvarna Pappu's Motion for Remand (Doc. 8). This case is an insurance dispute arising out of the damages that Plaintiffs incurred when a pipe burst in their residence on January 21, 2015. For the reasons that follow, Plaintiff's motion to remand is GRANTED.

## FACTS

Plaintiffs originally filed this action in the Cuyahoga Court of Common Pleas against Defendants Stillwater Insurance Company and Stillwater Property and Casualty Insurance Company. According to Plaintiffs' complaint, they purchased a policy of insurance from

1

defendants that covered their residence. On January 21, 2015, a pipe burst in their residence, causing damage to their real and personal property. Defendants have paid a total of $593,573.41 under Plaintiffs' policy, which contains a total limit of $890,800. Nevertheless, Plaintiffs bring a breach of contract claim asserting that Defendants "have failed to *fully* pay for the damages incurred" as a result of the burst pipe. (Compl. ¶¶ 9-19) (emphasis added). They also bring a claim for bad faith denial, alleging that "Defendants have delayed determination of parts of the claim and refused to pay portions of the claim that are within the terms of the policy." (*Id.* ¶ 20-26). In their prayer for relief, Plaintiffs seek "actual and punitive damages as well as attorneys' fees, court costs and other relief as this Court deems proper and just in [an] amount exceeding Twenty-Five Thousand Dollars."

Defendants filed a timely notice of removal on the grounds that diversity jurisdiction exists over this matter. Their notice states that complete diversity of citizenship exists between Plaintiffs and Defendants and that "Plaintiffs are claiming in excess of $75,000." (Doc. 1, ¶ 6). Plaintiffs now move to remand to state court. They do not contest that diversity of citizenship exists but argue that Defendants have failed to meet their burden of establishing that the amount in controversy is sufficient. Defendants oppose the motion to remand.

**ANALYSIS**

Diversity jurisdiction requires complete diversity of the parties and an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332. For purposes of the amount in controversy, the amount claimed by the plaintiff in the complaint is the amount in controversy. *Naji v. Lincoln*, 665 Fed. Apx. 397, 400 (6th Cir. 2016). If a plaintiff claims an unspecified amount in damages, however, the defendant has the burden to establish by a preponderance of the evidence

2

that the amount in controversy exceeds the statutory threshold. *Id.* Under 28 U.S.C. § 1447(c), cases originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which they were removed lacks subject matter jurisdiction. *Coyne v. The American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999) ("[I]n a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory."). Any doubt as to whether removal is proper must be resolved in favor of remand. *Id.*

Here, Plaintiffs' complaint seeks an unspecified amount of damages. In their notice of removal, Defendants alleged only that "Plaintiffs are claiming in excess of $75,000" but did not submit any evidence to support this allegation. By itself, this statement is insufficient to show an adequate amount in controversy. *Naji*, 665 Fed. Appx. at 400 ("While [a defendant] need not show to a legal certainty that the amount in controversy met the federal requirement, [he] must do more than show a mere possibility that the jurisdictional amount is satisfied.") (citations and quotations omitted).

In their brief in opposition, Defendants argue that the amount in controversy is sufficient because the remaining coverage under the policy exceeds $75,000 and Plaintiffs are seeking punitive damages and attorneys' fees. The Sixth Circuit has not decided whether, in an insurance dispute, courts should measure the amount in controversy by the policy limits or by the value of the underlying claim. Other courts, including district courts in the Sixth Circuit, have held that the policy limits are controlling only when the validity of the entire contract is in dispute. When the applicability of an insurance policy to a particular occurrence is the question, however, the amount in controversy is measured by the value of the underlying claim. *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 784 (E.D. Ky. 2008) (finding that value of claim

3

rather than policy limits controls when the issue is a claim on the policy) (citing *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (finding that the maximum liability under a rental agreement is "relevant to determining the amount in controversy only if the validity of the entire insurance policy is at issue")).

The Court agrees that the more logical conclusion is to evaluate the value of the underlying claim rather than the policy limit when the issue in a case is a claim on the policy. Here, there is nothing in the record that allows the Court to deduce the value of Plaintiffs' claim. The complaint contains no information about the remaining damages they are seeking for the burst pipe, and Defendants have produced no evidence of this amount. Without this information, the Court has no ability to assess the value of the punitive damages or attorney fees that Plaintiffs might be entitled to. Thus, the Court cannot even speculate that the amount in controversy is sufficient, let alone conclude that Defendants have established by a preponderance of the evidence that the amount in controversy exceeds the statutory threshold. Because the Court does not have subject matter over this dispute, it must be remanded to the Cuyahoga County Court of Common Pleas.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Remand is GRANTED.

IT IS SO ORDERED.


                                        /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
Dated: 4/11/17                      United States District Judge